UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEE JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>JEFF MACOMBER, et al.,<br><br>    Defendants. | Case No. 25-cv-05076 BLF (PR)<br><br>**ORDER STRIKING NON-COGNIZABLE CLAIMS AND OF SERVICE; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against medical staff at the Correctional Training Facility ("CTF"), where he is currently confined, as well as against the Warden and the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 5 at 1-2. On October 3, 2025, the Court screened the complaint and dismissed it with leave to amend deficient claims. Dkt. No. 10. In the alternative, Plaintiff could file notice to proceed on the cognizable claim and strike the non-cognizable claims. *Id.* at 6. Plaintiff has filed notice choosing the alternative course of action. Dkt. No. 11.

///

///

# DISCUSSION

## I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## II. Plaintiff's Claims

Plaintiff named the following as defendants in the complaint: (1) Jeff Macomber, Secretary of the CDCR; (2) Edward Borla, Warden of CTF; (3) Dr. Ashley Mulligan; and (4) Chi Nguyen (dentist). Dkt. No. 5 ¶¶ 4-7. In the screening order, the Court found the following cognizable claim:

> Plaintiff alleges that on June 3, 2008, he had an operation "of repair of umbilical hernia with mesh" which was inserted into his body. *Id.* ¶ 9. In 2016, Plaintiff requested several times of Defendant Dr. Mulligan to be referred to a specialist to fix and replace his broken hernia mesh implant which was causing great pain, a bacteria infection, acid reflect, discomfort in this stomach, and possibly damage to his internal organs. *Id.* ¶ 10. He claims that Dr. Mulligan ordered an MRI "without dye" "to avoid seeing the damages to keep plaintiff from being seen by a professional specialist doctor" but that instead, she recommended Plaintiff "see a Psych for your anxiety." *Id.* ¶ 16.
>
> On January 5, 2024, Plaintiff went for a scheduled MRI of his brain and asked the technician whether the MRI would show "injuries sustained

to his jaw due to a block nerve damaged during a dentist visit for a filling replacement[] on his left lower molar." *Id.* ¶ 12. The technician said that a "direct facial MRI" was needed for the three nerves stemming from the jaw line. *Id.* Plaintiff appears to believe that Defendant Chi Nguyen, the dentist who did the fillings on July 5, 2022, damaged his nerves during that visit. *Id.*; *see also* Dkt. No. 5 at 14 (Ex. B). He refused the brain MRI in order to get the "right one" for his nerve damage on his jaw. *Id.* Plaintiff claims Dr. Mulligan is "attempt[ing] to avoid giving [him] an accurate MRI" in the same way she had avoided dealing with his mesh implant. *Id.* ¶¶ 13, 15, 19. Plaintiff continues to suffer from stomach issues related to the broken mesh implant and the allegedly faulty dental treatment. *Id.* ¶¶ 20-21. He seeks declaratory and injunctive relief, as well as damages. *Id.* ¶¶ 27-30.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104); *see, e.g., Hunt v. Dental Dep't.*, 865 F.2d 198, 200 (9th Cir. 1989) (dental care important medical need of inmates). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Liberally construed, Plaintiff states a deliberate indifference claim against Dr. Mulligan for her knowing failure to provide adequate MRIs to treat Plaintiff's complaints related to his mesh implant and his jaw pain, assuming these conditions constitute serious medical needs.

3

Dkt. No. 10 at 2-4. In accordance with Plaintiff's notice, all other claims shall be stricken from the complaint.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. This matter is proceeding on the deliberate indifference claim against Defendant Dr. Mulligan. All other claims and Defendants shall be **STRICKEN** from the complaint. The Clerk shall terminate all other defendants from this action as there remain no claims against them.

2. Defendant **Dr. Ashley Mulligan** shall be served at the CDCR.

3. Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 5, the Court's initial screening order, Dkt. No. 10, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

4. No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

5. Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of

4

E-Service Waiver a USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

6.     No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the complaint found to be cognizable above.

   a.     Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

   b.     **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).**  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).

7.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

8.     Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff

without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

9.  Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

10.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11.  All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

12.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14.  Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated:  October 21, 2025

_____
BETH LABSON FREEMAN
United States District Judge